UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **In re:**<br><br>**AVALON MOBILE HOME PARK PARTNERSHIP, LLLP,**<br><br>Debtor. | **Chapter 11**<br><br>**CASE NO. 23-60521-bem** |

### MOTION TO RETAIN AND COMPENSATE PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

COMES NOW, Avalon Mobile Home Park Partnership, LLLP (the "**Debtor**"), the debtor and debtor in possession in this Chapter 11 case (the "**Case**"), and files this Motion (the "**Motion**"), by and through the undersigned counsel, and moves this Court for the entry of an order authorizing the Debtor to retain and compensate certain professionals – including Robinson & Blazer, LLP ("**R&B**") and Mike Hess, CPA, P.A. ("**Hess**") - utilized in the ordinary course of the Debtor's business. In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein are Sections 105, 327, 328 and 330 of Title 11 of United States Code (the "**Bankruptcy Code**").

## Background

2.

On October 25, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief with the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "**Court**") under Chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.

The Debtor is a Georgia limited liability limited partnership. The Debtor operates a mobile home park located in Jonesboro, Georgia.

## Relief Requested

4.

By this Motion, the Debtor seeks authorization to retain professionals historically and/or typically utilized by the Debtor in the ordinary course of its business prior to and as of the Petition Date and thereafter, including, but not limited to, R&B and Hess (collectively, the "**Ordinary Course Professionals**" or individually, an "**Ordinary Course Professional**"). Attached hereto as Exhibit A and incorporated herein by reference is a list of the Ordinary Course Professionals to be utilized by the Debtor, as well as the matters on which they are to be retained and their rates. Attached hereto as Exhibit B and Exhibit C are declarations of disinterestedness (the "**Declarations**") executed on behalf of R&B and Hess, respectively. The Debtor also requests permission to compensate such Ordinary Course Professionals for services rendered after the Petition Date.

5.

The Debtor desires to employ the Ordinary Course Professionals to render services to the Debtor's estate. Some of these Ordinary Course Professionals rendered similar services to the Debtor prior to the Petition Date. The Debtor also seeks authorization to retain any additional Ordinary Course Professionals as may be necessary throughout the pendency of this case. The services these professionals provide would include, but are not limited to, legal and accounting services related to specific areas.

6.

Prior to the Petition Date, the Debtor utilized professionals to provide the services required to assist the Debtor in managing its affairs on a day-to-day basis. The fees for these professionals, and any additional professionals the Debtor seeks to retain by this motion, are expected to be relatively low, in some cases just a few thousand dollars. In some cases, the fees for specific matters may be negotiated at a flat rate. The Debtor submits that, in light of the costs associated with the preparation of employment applications for professionals who will receive relatively small fees, it is impractical and cost inefficient for the Debtor to submit individual applications and proposed retention orders for each professional. Accordingly, the Debtor requests that this Court dispense with the requirement of individual employment applications, verified statements, fee applications, and retention orders with respect to each Ordinary Course Professional, and that the Debtor be permitted to employ the Ordinary Course Professionals from time to time as their services are needed.

7.

The Debtor also proposes to employ Ordinary Course Professionals not listed on Exhibit A attached hereto, from time to time, as the need arises, by filing a notice with the Court listing

the additional Ordinary Course Professionals that the Debtor intends to employ and the proposed terms of employment, together with a declaration substantially in the form of the attached Declarations (the "**Additional Ordinary Course Professionals Notice**"). The Debtor requests that, upon filing of the Additional Ordinary Course Professionals Notice, the United States Trustee, any party in interest on any limited service list established in this case be given fifteen (15) days to object to the retention of such Ordinary Course Professional. In the event no objection is filed, the Debtor requests that, without further order from the Court, the employment, retention, and compensation of the additional Ordinary Course Professional be approved. The Debtors will not make any payment to any additional Ordinary Course Professional included in an Additional Ordinary Course Professional Notice until the fifteen (15) day objection period has passed without objection.

8.

The Debtor proposes that it be permitted to pay each Ordinary Course Professional, without a prior application to the Court being filed by such professional, one hundred (100%) percent of the fees and disbursements incurred after the Petition Date, upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and the fees and disbursements actually incurred; *provided, however,* that if any Ordinary Course Professional's fees and disbursements to be paid by the Debtor exceed a total of $5,000 in any given month, then the payments to such professional for such excess amounts shall be subject to the prior approval of the Court in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy court, and Orders of this Court.

9.

Although certain of the Ordinary Course Professionals may hold secured or unsecured claims against the Debtor in respect of prepetition services rendered to the Debtor, the Debtor does not believe that any Ordinary Course Professionals represent or hold any interest adverse to the Debtor or its estate with respect to the matters on which such professionals are to be employed, and thus all Ordinary Course Professionals to be retained would meet, if applicable, the special counsel retention requirement of Section 327(e) of the Bankruptcy Code.

10.

The proposed ordinary course retention and payment procedures set forth herein will not apply to those professionals for whom the Debtor has filed separate applications for approval of employment.

11.

Granting the relief requested herein will save the Debtor the expense of separately applying for the employment of each professional. Furthermore, relieving the Ordinary Course Professionals of the requirement of preparing and prosecuting fee applications will save the estate the additional professional fees and expenses that would be caused thereby. Likewise, the procedure outlined above will spare the Court and the United States Trustee from having to consider fee applications involving relatively modest amounts of fees and expenses. The Debtor submits that the proposed employment of the Ordinary Course Professionals and the payment of compensation on the basis set forth above are in the best interest of the Debtor's estate and its creditors.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein, and granting the Debtor such other and further relief as may be just.

This 3rd day of November 2023.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

4401 Northside Parkway
Suite 450
Atlanta, GA 30327
T: (404) 893-3880
F: (404) 893-3886
E: rwilliamson@swlawfirm.com
   hkepner@swlawfirm.com

By: /s/ J. Hayden Kepner, Jr.
    J. ROBERT WILLIAMSON
    Georgia Bar No. 765214
    J. HAYDEN KEPNER, JR.
    Georgia Bar No. 416616

*Counsel for the Debtor*

## EXHIBIT A

## ORDINARY COURSE PROFESSIONALS

| Firm and Contact | Matter Description | Rates |
|---|---|---|
| Mike Hess, CPA, P.A.<br>Attn. Mike Hess<br>1800 W. Hibiscus Blvd.<br>Melburne, FL  32901<br>(321) 725-6151<br>admin@mikehesscpa.com | Tax Preparation and General Accounting | |
| Robinson & Blazer, LLP<br>Attn.  David P. Hovorka<br>150 East Ponce de Leon Ave.,<br>Suite 475<br>Decatur, GA  30030<br>404.377.6464<br>dph@rblawga.com | Lease Revisions and General Real Estate Matters | |

**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| AVALON MOBILE HOME PARK PARTNERSHIP, LLLP, | ) ) ) | CASE NO. 23-60521-bem |
| Debtor. | ) | |

## DECLARATION OF DISINTERESTEDNESS IN SUPPORT OF RETENTION OF ROBINSON & BLAZER, LLP

I, David P. Hovorka, declare under penalty of perjury as follows:

1.

I am an associate of the law firm of Robinson & Blazer, LLP (the "**Firm**"), and in that capacity I have personal knowledge of, and authority to speak on behalf of, the Firm with respect to the matters set out herein. This Declaration is offered in support of the Application of the Debtor in the above-styled case to employ the Firm as special counsel to the Debtor (the "**Application**"), and the matters set out herein are true and correct to the best of my knowledge, information and belief.

2.

Neither the Firm nor I have or represent any interest adverse to the Debtor or its estate. Further, except as set forth herein or in the Application, neither the Firm nor I have had any connections with the Debtor, its creditors, any other party in interest or its respective attorneys or accountants in connection with this Chapter 11 case.

3.

The Firm will bill the Debtor for services rendered at the Firm's normal and customary rates, which is generally as follows: Partners $425.00 to $525.00; Associates $300.00 and paralegals $150.00 Rates for individual attorneys and paralegals may vary depending on practice location and experience. Rates are subject to change from time to time in the ordinary course of the Firm's rate adjustment process.

4.

Within ninety days of the Petition Date, the Firm was paid approximately $2,000.00 as a retainer for services rendered to the Debtor. As of the Petition Date, the Firm was still owed approximately $2,545.66 for legal services provided to the Debtor beyond those services covered by the retainer. The Firm currently holds a retainer in the amount of $0.00 and intends to initially charge any fees or expenses currently owed or incurred by the Debtor against the retainer. The Firm has not received any payments from the Debtor for such services or for anything else since the Petition Date. My understanding is that the Debtor is seeking approval of the Firm's retention *nunc pro tunc* to the Petition Date.

5.

To the best of my knowledge, the Firm has no principals, associates or other professional employees who are related to any Judge of the United States Bankruptcy Court for the Northern District of Georgia.

6.

Neither the Firm nor I have agreed to share any compensation or reimbursement received in connection with this engagement with any other person, except to the extent their services have been earned.

7.

I am duly admitted to practice law in the State of Georgia. Other attorneys in the Firm are admitted to practice law in Georgia and other state and federal courts.

8.

I believe that employment of the Firm as special counsel for the Debtor would be appropriate under 11 U.S.C. Section 327(e) and Bankruptcy Rules 2014.

This 31 day of October, 2023.

_____
DAVID P. HOVORKA

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. Sections 152 and 3571.

Page 3

**EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| AVALON MOBILE HOME PARK PARTNERSHIP, LLLP, | ) ) ) | CASE NO. 23-60521-bem |
| Debtor. | ) | |

**DECLARATION OF DISINTERESTEDNESS IN SUPPORT OF RETENTION OF MIKE HESS, C.P.A, P.A**

I, Michael Hess, declare under penalty of perjury as follows:

1.

I am a licensed certified public accountant in the State of Florida. I am also a principal of the firm of Mike Hess, C.P.A., P.A. (the "**Firm**"), and in that capacity I have personal knowledge of, and authority to speak on behalf of, the Firm with respect to the matters set out herein. This Declaration is offered in support of the Application of the Debtor in the above-styled case to employ the Firm as accountants to the Debtor (the "**Application**"), and the matters set out herein are true and correct to the best of my knowledge, information and belief.

2.

Neither the Firm nor I have or represent any interest adverse to the Debtor or its estate. Further, except as set forth herein or in the Application, neither the Firm nor I have had any connections with the Debtor, its creditors, any other party in interest or its respective attorneys or accountants in connection with this Chapter 11 case.

3.

The Firm will bill the Debtor for services rendered at the Firm's normal and customary rates, which is generally as follows: Range between $125 and $350 per hour depending on the individuals and skill levels involved. Rates are subject to change from time to time in the ordinary course of the Firm's rate adjustment process.

4.

The Firm has not received any payment from the Debtor before or after the Petition Date, nor does the Debtor owe anything to the firm. The Firm does not hold a retainer for its services. My understanding is that the Debtor is seeking approval of the Firm's retention *nunc pro tunc* to the Petition Date.

5.

To the best of my knowledge, the Firm has no principals, associates or other professional employees who are related to any Judge of the United States Bankruptcy Court for the Northern District of Georgia.

6.

Neither the Firm nor I have agreed to share any compensation or reimbursement received in connection with this engagement with any other person, except to the extent their services have been earned.

This 2d day of November, 2023.

*/s/ Mike Hess*
MICHAEL HESS

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. Sections 152 and 3571.

**CERTIFICATE OF SERVICE**

This is to certify that on this date I served a true and correct copy of the within and foregoing **Motion to Retain and Compensate Professionals Used in the Ordinary Course of Business** by causing the same to be deposited in the United States Mail with adequate postage affixed thereon and addressed to the following persons:

Lindsay P. S. Kolba
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

This 3rd day of November, 2023.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

By: __/s/ J. Hayden Kepner, Jr.___
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
J. HAYDEN KEPNER, JR.
Georgia Bar No. 416616

4401 Northside Parkway
Suite 450
Atlanta, GA 30327
T: (404) 893-3880
F: (404) 893-3886
E: rwilliamson@swlawfirm.com
   hkepner@swlawfirm.com

*Counsel for the Debtor*

- 8 -