IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**AVALON MOBILE HOME PARK PARTNERSHIP, LLLP**<br>   Debtor. | CHAPTER 11<br><br>CASE NO. 23-60521-bem |
| **MICHELLE RAMIREZ,**<br><br>       Movant,<br><br>vs.<br><br>**AVALON MOBILE HOME PARK PARTNERSHIP, LLLP**<br><br>       Respondent. | CONTESTED MATTER |

### MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

COMES NOW, Movant Michelle Ramirez as the daughter of Mr. Israel Ramirez, individually and as Administratix of the Estate of Israel Ramirez ("Ramirez" or "Movant"), and files this Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362 (the "Motion") to allow her to finalize and liquidate her claims against Debtor in the State Court Action as defined below and to pursue recovery from any of Debtor's insurance policies, their proceeds, and assert her claim in the bankruptcy case. In support of the Motion, Movant shows the Court as follows:

1.

This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

2.

On October 25, 2023 (the "Petition Date"), Avalon Mobile Home Park Partnership, LLLP ("Debtor" or "Avalon"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

3.

Debtor owns, operates, and manages a mobile home park located at 6224 Tara Blvd, Jonesboro, Clayton County, Georgia, the "Mobile Home Park".

4.

Israel Ramirez ("Mr. Ramirez") was a tenant of the Mobile Home and lawfully resided in a mobile home located on Debtor's Premises pursuant to Debtor's and Non-Debtor Co-Defendants' express or implied invitation.

5.

Mr. Ramirez was shot and killed on May 4, 2018, at the Mobile Home Park defending property from being stolen.  On October 11, 2019, Michelle Ramirez, the daughter of Mr. Ramirez, individually and as Administratix of the Estate of Israel Ramirez  ("Ramirez" and "Movant")  filed a Complaint against Debtor seeking damages for premises liability and failure in its duty to keep premises safe and ordinary negligence (the "Complaint") captioned styled: Michelle Ramirez, individually and as Administratix of the Estate of Israel Ramirez  v. Avalon Mobile Home Park Partnership, LLLP, et al, State Court of Clayton County, State of Georgia, Civil Action File No. 2019CV01932 (the "State Court Action").

6.

From the commencement of the State Court Action up to the Petition Date, the State Court of Clayton County (the "State Court") addressed several issues raised in the State Court Action. The State Court Action was tried to a jury verdict in favor of Ramirez. On July 28, 2023, the jury awarded damages in the sum of $31,032,017.30, which was reduced due to the jury finding the decedent being partially at fault. On August 2, 2023, the State Court entered its final Judgement with the Movant be awarded the sum of $24,825,613.85.

7.

The State Court upon motion ordered a Supersedeas Bond be filed. One day prior to the Bond being due, Debtor filed its Petition in bankruptcy.

8.

Debtor filed a Motion for New Trial and a Motion for Judgment Notwithstanding the Verdict (collectively "Debtor's Motions"). Debtor's Motions were scheduled for hearing on November 1, 2023. Those motions have not yet been heard by the State Court. Movant filed her Motion for Attorney's Fees and that motion has not been heard either.

9.

The State Court Action has not advanced since Debtor's Petition Date.

10.

Upon information and belief, Debtor has an insurance policy or policies which proceeds, along with Debtor's potential other assets, are available to cover an award of damages that Movant was awarded in the State Court Action (the "Judgment").

**RELIEF REQUESTED**

Movant requests relief from the automatic stay of 11 U.S.C. § 362a) so that she may liquidate all her claims against Debtor in the State Court Action and pursue satisfaction of any Judgment against any insurance policy held by Debtor the policy proceeds and also assert allow also Debtor to prosecute its Debtor's Motions, and Movant to prosecute her motion for attorneys fees and to oppose the Debtor's motions, and allow Debtor to appeal the Verdict and Judgment if it so deems, and the Movant be allowed to oppose any such appeal or other Debtor's Motions.

**ARGUMENT AND CITATION OF AUTHORITY**

**I.      RELIEF REQUESTED**

Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay, applicable to all entities, of the commencement or continuation of judicial process. 11 U.S.C. §362(a). "On request of a party in interest and after notice and hearing, the court shall grant relief from the stay … such as terminating, annulling, modifying, or conditioning such stay… for cause." 11 U.S.C. § 362(d).

Movant requests entry of an order modifying, annulling or lifting the automatic stay pursuant to 11 U.S.C. § 362 in order:

> a. To permit Movant to proceed uninterrupted against Debtor for the purpose of determining any further liability and damages in the State Court Action, Movant be allowed to oppose any post judgment motions of the Debtor;
>
> b. To permit the prosecution and opposition of any appeal made or process; and
>
> c. To permit Movant to pursue satisfaction of any Judgment entered against Debtor in the State Court Action from any insurance policy held by Debtor, any proceeds thereof, and to assert a claim against any available assets of

Debtor in this bankruptcy case.

**II.     ARGUMENT**

The Bankruptcy Code does not define "cause" for purpose of 11 U.S.C. § 362(d). A determination of whether "cause" exists is made on a case-by-case basis. *In re Aloisi,* 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001). However, "it is well-established that the existence of pending-litigation against the debtor in a nonbankruptcy forum may constitute cause." *In re Coachworks Holdings, Inc.,* 418 B.R. 490, 492 (Bankr. M.D. Ga. 2009) (J. Walker) (internal citations omitted). *See also Sky Top Enters., LLC v. Citrus Tower Blvd. Imaging Ctr., LLC (In re Citrus Tower Blvd. Imaging Ctr., LLC)*, 460 B.R. 334, 339 (Bankr. N.D. Ga. 2011) (J. Diehl) (lifting the automatic stay to allow a civil suit to continue in another forum where a determination of the merits of the case was "critical" to the Chapter 11 case); Congress recognized this concept when drafting Section 362:

> It will often be more appropriate to permit proceedings to continue in their place of origin when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court form duties that may be handled elsewhere.

S. Rep. No. 989, 95th Cong., 2d Sess. At 50 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

Further, actions which involve the rights of third parties will often be permitted to proceed in another forum. *In re South Oaks Furniture,* 167 B.R. 307, 309 (Bankr. M.D. Ga 1994)(J. Walker)(allowing a state court action to proceed where it involved a non-debtor guarantor defendant). Here, the State Court Action involves two Non-Debtor Co-Defendants who have filed answers along with demands for a jury trial.

In analyzing whether cause exists to allow litigation to continue in another forum, courts have applied a three part test taking into account (1) any "great prejudice" to either the bankruptcy

estate or the debtor resulting from continuation of the civil suit (2) whether the hardship to the movant by maintenance of the stay considerably outweighs hardship to the debtor and (3) the creditor has a probability of prevailing on the merits. *Sky Top Enters., LLC*, at 339. Here, relief from the stay under § 362(d) is warranted because there is sufficient cause.

    A.   Lifting the Stay Will Not Result In "Any Great Prejudice" to Debtor or its Estate.

Adjudicating the State Court Action in the State Court will not impose any "great prejudice" to Debtor or the estate as a bankruptcy estate is not considered to have an interest in proceeds of liability insurance policies. As one bankruptcy court noted, the debtor will not have a cognizable interest in the proceeds of the typical liability policy. "Those proceeds will normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract." *15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008 (quoting *Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51, 55-56 (5th Cir. 1993)); *Landry v. Exxon Pipeline Co.,* 260 B.R. 769, 786 (Bank. M.D. La. 2001)("[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate... In the liability insurance context the debtor has no cognizable claim to the proceeds paid by an insurer on account of a covered claim").

Given an estate's lack of interest in the liability policy proceeds, courts typically hold that debtors do not suffer prejudice when creditors obtain stay relief to liquidate claims that are covered by such proceeds. *In re Jet Florida Systems. Inc.,* 883 F.2d 970, 975 (11th Cir. 1989). In *Jet Florida*, the Eleventh Circuit allowed relief from stay and found that a debtor is not prejudiced by exposure to a liability claim, because the bankruptcy estate is not subject to any risk, which does not frustrate the policy of the Bankruptcy Code in giving the debtor a fresh start in his economic life. Further, when the policy proceeds will be available only to creditors with the type

of claims covered by the policy, "there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy." *15375 Memorial,* 382 B.R. at 690.

Additionally, adjudicating the State Court Action in the State Court will not impose any "great prejudice" to Debtor or the estate, because the adjudication will allow Debtor to formulate a plan or bankruptcy exit strategy. Adjudication of liability and damages in the State Court Action is critical to this Chapter 11 Case given the likelihood of a large Judgment against Debtor in favor of Movant.

Furthermore, the State Court has jurisdiction over all of the parties, and claims in the State Court Action. Interests of judicial economy dictate that the original forum; State Court, rather than the Bankruptcy Court, determine the issues of liability and the amount of Movant's claim.

If the stay is not lifted to allow the State Court Action to continue to finality, Movant will be precluded from finalizing the State Court Action against Debtor. The Bankruptcy Court does not have jurisdiction over the non-debtor defendants in the State Court Action. *See* 28 U.S.C. §157(b)(5). Interests of judicial economy dictate that the original forum, the State Court, rather than the Bankruptcy Court, determine the issues of liability and the amount of Movant's claim.

   B. <u>The Hardship to Movant by Maintaining the Stay Considerably Outweighs Any Hardship to Debtor.</u>

Given the underlying facts of the State Court Action, Movant will suffer great hardship if this Motion is not granted while Debtor will not suffer any hardship. Movant suffered painful, serious, and life-threatening injuries for which he has not been compensated. Movant is without adequate resources to cope with his damages while he waits for due compensation. Additional delay in obtaining a Judgment against Debtor and the Non-Debtor Co-Defendants compounds the already significant hardship that Movant suffered.

As the bankruptcy court explained in granting stay relief in *15375 Memorial,* a claimant under a liability policy will suffer prejudice from delay due to the "lost time value of money," as well as "the lapse of time in terms of its ability to effectively prosecute its claims. Witnesses and documents become unavailable." *15375 Memorial,* 382 B.R. at 690.

Finally, 28 U.S.C. § 157(b)(5) precludes this Court from trying the State Court Action. Personal injury claims, like those in the State Court Action, may only be tried before either the trial court in Georgia or the District Court in Georgia. 28 U.S.C. § 157(b)(5); *see also Protos v. Silver (In re Protos),* 2005 Bankr. LEXIS 3308, 11 n.2 (Bankr. N.D. Ga. 2005).

C. <u>Movant Is Likely to Prevail on The Merits.</u>

With respect to this prong of the analysis, courts hold that a slight probability of success on the merits may be sufficient to grant stay relief given the facts in a particular case. *Downey Financial Corp.,* 428 B.R. 595, 610 (Bankr. D. Del. 2010). In this case Movant has already prevailed at the trial level and seeks to prosecute her motion for attorney's fees and defend Debtor's Motions and the appeal, if any.

D. <u>Additional Facts Support a Finding of Cause for the Court to Lift the Stay.</u>

In this case, "cause" exists based upon additional reasons:

1. Relief would result in complete resolution of the issues by determining Debtor's liability.

2. Relief would not interfere with the bankruptcy case and may assist in the judicial expedition of the bankruptcy proceeding. Given Movant's claim for punitive damages in the State Court Action, the Judgment may be substantial. Such a claim will impact Debtor's reorganization efforts.

3. Liquidation of Movant's claims in the State Court Action will not prejudice the

interests of the other creditors. Movant is by far the largest creditor of the Debtor.

4. The interests of judicial economy and the expeditious and economical resolution of litigation weigh heavily in favor of adjudicating Movant's claims in the State Court Action. If the automatic stay is not lifted, judicial economy will be thwarted by starting anew, the multiplicity of claims and forums, as well as addressing the jury trial issue.

### III. CONCLUSION

Movant requests that the Court grant it relief from the automatic stay without the necessity of a ten day stay, all as authorized by the provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3). Movant, by and through its counsel, waives the requirements of 11 U.S.C. § 362(e) which would otherwise require a hearing on the Motion within thirty (30) days. The Movant waives such provisions and consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until such time as the Court orders otherwise.

WHEREFORE, Movant requests and prays for relief including entry of an order modifying, annulling and/or lifting the automatic stay pursuant to 11 U.S.C. §362, without limitation in order:

a) To permit Movant to proceed uninterrupted against Debtor for the purpose of determining any further liability and damages in the State Court Action, Movant be allowed to oppose any post judgment motions of the Debtor;

b) To permit the prosecution and opposition of any appeal made or process; and

c) To permit Movant to pursue satisfaction of any Judgment entered against Debtor in the State Court Action from any insurance policy held by Debtor, any proceeds thereof, and to assert a claim against any available assets of Debtor in this bankruptcy case.

d) To grant Movant such other and further relief as is just and proper.

Respectfully submitted,

**McBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Georgia Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
lmcbryan@mcbryanlaw.com
**Attorneys for Michelle Ramirez**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>AVALON MOBILE HOME PARK PARTNERSHIP, LLLP<br>   Debtor.<br><br>MICHELLE RAMIREZ,<br><br>       Movant,<br><br>vs.<br><br>AVALON MOBILE HOME PARK PARTNERSHIP, LLLP<br><br>       Respondent. | CHAPTER 11<br><br>CASE NO. 23-60521-bem<br><br><br><br><br>CONTESTED MATTER |

## NOTICE OF HEARING

     PLEASE TAKE NOTICE that on November 22, 2023, *Michelle Ramirez, as the daughter of Mr. Israel Ramirez, individually and as Administratix of the Estate of Israel Ramirez,* has filed **MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362** and related papers with the Court seeking relief to permit Movant to proceed uninterrupted against Debtor for the purpose of determining any further liability and damages in the State Court Action; to permit the prosecution and opposition of any appeal made or process; and to permit Movant to pursue satisfaction of any Judgment entered against Debtor in the State Court Action from any insurance policy held by Debtor, any proceeds thereof, and to assert a claim against any available assets of Debtor in this bankruptcy case.

     PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the **Motion** at **11:00 A.M.** on **December 19, 2023,** in **Courtroom 1402, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303**, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do have video capability may use the telephone dial-in information on the judge's webpage.

  Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

  If a hearing on the Motion cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the Motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Respectfully submitted,

**McBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Georgia Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
lmcbryan@mcbryanlaw.com
**Attorneys for Michelle Ramirez**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>AVALON MOBILE HOME PARK PARTNERSHIP, LLLP<br>    Debtor.<br><br>MICHELLE RAMIREZ,<br><br>    Movant,<br><br>vs.<br><br>AVALON MOBILE HOME PARK PARTNERSHIP, LLLP<br><br>    Respondent. | CHAPTER 11<br><br>CASE NO. 23-60521-bem<br><br><br><br>CONTESTED MATTER |

## CERTIFICATE OF SERVICE

    This is to certify that I have on this day electronically filed the foregoing ***MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 and NOTICE OF HEARING*** with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record and by causing a copy of the same to be placed in First-Class U.S. Mail, postage prepaid, addressed to the following not participating in the CM/ECF system as follows:

Edge CCTV Inc.
2470 Windy Hill Road
Suite 300
Marietta, GA 30067

Georgia Power
96 Annex
Atlanta, GA 30396

Straight Talk
9700 NW 112th Ave.
Miami, FL 33178

The Burch Firm, LLC
120 12th St
Columbus, GA 31901

Clayton Co. Water Authority
1600 Battle Creek Road
Morrow, GA 30260

Comcast
1701 JFK Blvd.
Philadelphia, PA 19103

Downey & Cleveland, LLP
288 Washington Ave NE
Marietta, GA 30060

Mike Hess, CPA, PA
1800 W Hibiscus Blvd
Melbourne, FL 32901

Robinson & Blazer, LLP
50 E Ponce de Leon Ave #475
Decatur, GA 30030

J. Hayden Kepner, Jr.
J. Robert Williamson
Scroggins & Williamson, P.C.
4401 Northside Parkway, Suite 450
Atlanta, GA 30327

Lindsay P. S. Kolba
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303

This 22nd day of November 2023.

Respectfully submitted,

**McBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Georgia Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
lmcbryan@mcbryanlaw.com
**Attorneys for Michelle Ramirez**